PIETRONIS v. DOBLER BREWING CO. et al. (No. 78-37.)

(Supreme Court, Appellate Division, Third Department. May 21, 1914.)

Appeal from Special Term.

Action by Thomas Pietronis against the Dobler Brewing Company and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Mills & Mills, of Albany (Borden H. Mills, of Albany, of counsel), for appellant.

Salisbury & Halter, of Albany (Samuel H. Salisbury, of Albany, of counsel), for respondent Dobler Brewing Co.

A. M. Sperry, of Albany, for respondents Walbridge and Farley.

PER CURIAM. Judgment affirmed, with costs.

JOHN M. KELLOGG, J. (dissenting). The liquor tax certificate was issued to the plaintiff, the brewing company furnished the money to pay for it, and to secure the company the plaintiff transferred to it the certificate, with a power of attorney to control it, and entered into the "beer agreement." The plaintiff has tendered to the defendant all indebtedness, and demanded a cancellation of the assignment, power of attorney, and beer agreement; nevertheless the company claims to have some right in the certificate superior to the plaintiff's, which right, if any, must arise from the beer agreement. That agreement provides that the plaintiff is the lessee of the licensed premises; that the company will advance the money to pay for the certificate and permit the use of certain fixtures of the value of $16.50, and will supply beer to the plaintiff for said premises "at the prevailing market or agreed price therefor," in consideration of which the certificate is to be assigned to it; and that future certificates are to be assigned for insur-

ing the performance of the agreement and security for the credit given. The plaintiff agrees to sublet the premises to the company for a term of six months, or so long as it desires, to begin at any time when it may take possession at a monthly rental of $25, together with all right to engage in the liquor business at the licensed place, and that he will not make application to have the certificate surrendered or transferred; that only the beer manufactured by the company is to be sold upon the premises; that if it takes possession of the premises the plaintiff will surrender them, together with all property owned by him and the liquor tax certificate, to the end that the defendant may make use and disposition of them as it may deem expedient; that the certificate and any other to be issued is to be assigned to the company, with a power of attorney, and if the plaintiff fails to apply for a new certificate for at least 30 days before the expiration of the present one the defendant may procure the certificate to be transferred to another person, and to abandon the traffic on the premises and transfer the certificate to another place; that the defendant is from time to time to make applications for new certificates, which are to be assigned to it, and to give a power of attorney authorizing it to renew the certificate; and that if the certificate shall be revoked or forfeited it may arrange or designate to whom a new certificate shall be issued, which certificate shall be subject to the agreement; that the company may take possession of the premises at any time and arrange for a discontinuance of the business as it may deem best and to make use of any of the property of the plaintiff, the contract to be binding for five years, and the company may renew it for an additional five years, and thereafter for a period of five years more.

The plaintiff seeks the return of the certificate and the cancellation of the defendant's claim upon it, on the ground that he owes the company nothing except the money tendered, and that the agreement was obtained from him by duress and while he was drunk. The agreement upon its face is unreasonable and unjust. It makes the plaintiff the absolute slave of the company, depriving him of all interest in his saloon business, his lease, the good will, and his property, putting himself and his property entirely into the hands and control of the defendant for 5, 10, and 15 years, as the defendant may elect. The law will not assume that any person has made such a contract of his own free will, but will consider that it was obtained by duress, and was not the free act of the party in servitude. It is void as a matter of law. The plaintiff, having tendered to the company all moneys due it, is entitled to the relief demanded. He had the right to require that the assignment of his certificate and power of attorney be canceled, and that he be restored to his property and his freedom.

I therefore favor a reversal of the judgment, and the direction of judgment for the plaintiff for the relief demanded in the complaint.

WOODWARD, J., concurs.